UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SANCHEZ JIMENEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>　　　　Defendants. | 1:13-cv-01033-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 3.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

Jose Sanchez Jimenez ("Plaintiff") is a federal prisoner proceeding pro se with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on July 5, 2013. (Doc. 1.) On July 9, 2013, the court issued an order striking the Complaint for lack of Plaintiff's signature, and ordered Plaintiff to file a signed amended complaint within thirty days. (Doc. 3.) The thirty-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the court's order.[1]

///

---

[1] The United States Postal Service returned the order on July 26, 2013 as undeliverable. A notation on the envelope indicates "Attempted - Not Known – Unable to Forward." However, Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since July 5, 2013. Plaintiff's failure to provide the court with his current address may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by keeping the court apprised of his current address, so that he can receive and comply with court orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to sign his Complaint in the first instance and to respond to the Court's order in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee or submitted an application to proceed in forma pauperis in this action, increasing the likelihood that that monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

///

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the court's order of July 9, 2013.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 16, 2013**                              **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE